UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-300 (1) (DWF/AJB)
Civil No. 06-4461 (DWF)

***********************************

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

Stephen Erhart,

Defendant/Petitioner.

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR HABEAS RELIEF PURSUANT TO 28 U.S.C. § 2255**

***********************************

The United States of America, by and through its attorneys, Rachel K. Paulose, United States Attorney for the District of Minnesota, and John R. Marti, First Assistant United States Attorney, hereby submits the following response to Petitioner's motion to vacate, set aside, or correct sentence pursuant to Title 28, United States Code, Section 2255.

## PROCEDURAL BACKGROUND AND STATEMENT OF THE CASE

On October 16, 2001, a grand jury sitting in the District of Minnesota returned an Indictment charging defendant Stephen Erhart with thirty one counts for conduct related to a pervasive and long lasting fraudulent chiropractic billing scheme. Erhart was offered a plea agreement, and declined to accept it. On March 4, 2002, without a plea agreement, Erhart entered guilty pleas to twenty-nine counts, including conspiracy, false statements, health care fraud, and money laundering charges. Erhart confessed to his involvement in the fraudulent billing scheme and admitted that

ninety-five (95%) of his business was fraudulent.

On March 6, 2002, a court trial took place on the remaining drug and gun counts before the Honorable Donovan W. Frank, United States District Judge for the District of Minnesota. The District Court convicted Erhart of the drug and gun counts.

On January 28, 2003, Erhart was sentenced within the sentencing guidelines to a term of incarceration of 108 months, three years of supervised release, to pay a $3,100 special assessment to the crime victims fund, and to pay restitution of $1,234,270.00. (Judgment in a Criminal Case at 2). At sentencing, the government presented evidence that Erhart was responsible for $3.7 million in reasonable foreseeable losses sustained by insurance companies. (Sent. Tr. at 33). Erhart challenged the restitution amount and the fraud rate of seventy-five percent, claiming his earlier admission of a ninety-five percent fraud rate was the result of FBI pressure. Erhart claimed that the loss was approximately $400,000. (Sent. Tr. at 195). The loss was not determined with precision through an audit because Erhart's business and patient records were the subject of "wholesale fabrication." (Trial Tr. at 125).

Twelve insurance companies provided information that they paid $1,645,691 in claims to Advantage Plus Chiropractic Center (APCC). (PSI, ¶ 21; Sent. Tr. at 280). While rejecting the loss amounts proposed by both Erhart and the government, this Court determined

that at lease 70% to 80% of Erhart's billings were fraudulent, which was consistent with that determined by Peterson. (Sent. Tr. at 201). Based on this fraud rate, this Court determined that the loss due to Erhart's fraudulent scheme was $1,234,270,[1] the same loss amount attributed to Peterson. Erhart objected to the loss finding.

Erhart also objected to this Court's imposition of sentence enhancements for abuse of a position of trust and aggravating role, and denial of acceptance of responsibility. (Sent. Tr. at 186-192). The objections were denied. (Id. at 193-207). Erhart did not object to this Court ordering restitution without entering findings as to Erhart's ability to pay.

Erhart appealed his conviction and sentence to the Eighth Circuit Court of Appeals arguing that the district court erred in: (1) concluding he was guilty of the firearm offense, (2) setting the fraud rate at seventy-five percent, (3) not granting an acceptance of responsibility adjustment, (4) granting an abuse of public trust and a role enhancement, and (5) calculating restitution. United States v. Erhart, 415 F.3d 965 (8th Cir. 2005). The Eighth Circuit Court of Appeals found no error by the District Court in the issues raised by Erhart and affirmed his conviction and sentence. Erhart filed a petition for a writ of

[1] Restitution was ordered under the Mandatory Victims Restitution Act pursuant to 18 U.S.C. § 3664.

certiorari with the United States Supreme Court, which was denied on January 23, 2006. United States v. Erhart, 126 S. Ct. 1181 (2006).

On November 6, 2006, Erhart filed his *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. Erhart raises four grounds in his petition. In ground one, Erhart claims that defense counsel failed to adequately and properly advise him regarding the benefits of taking the plea agreement offered by the government offered. In ground two, Erhart claims that defense counsel was ineffective for not raising forfeiture error. In ground three, Erhart claims he received ineffective assistance of counsel pertaining to the fraud rate at sentencing. In ground four, Erhart claims counsel was constitutionally ineffective for failing to challenge the restitution order on Erhart's ability to pay.

Erhart's motion should be denied because his claims are without merit. Even assuming *arguendo* his claims have some merit, he has failed to show any prejudice resulting from counsel's alleged deficiencies. Accordingly, this motion should be denied.

## ARGUMENT

### I. PETITIONER ERHART'S CLAIMS ARE PROCEDURALLY BARRED.

Title 28 U.S.C. § 2255 requires a prisoner to show that he has the right to be released because:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that

> the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

**A. Grounds Three and Four of the petition were previously raised and decided on direct appeal, and cannot be relitigated in his § 2255 motion.**

It is well-established that a section 2255 motion may not be employed to collaterally attack issues that have been raised and decided on direct appeal. United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001); United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam); Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam); United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam); United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam).

*1. On direct appeal, Erhart challenged the restitution amount (Ground Three).*

Erhart challenged the court's decision to apply a seventy-five percent fraud rate in calculating restitution on direct appeal. Erhart argued that the court discounted the evidence introduced by Erhart that the fraud rate was only about forty percent and relied solely on the finding in the PSR. Erhart, 415 F.3d at 971. The

Eighth Circuit rejected Erhart's claim finding:

> it is likely that the fraud rate would have been set somewhat higher-in the range between seventy-five and ninety-five percent. Because there was no definitive evidence that could be used to determine an exact fraud rate, the court was required to factor in all relevant evidence and set a reasonable rate. We hold the court set a reasonable rate based upon the record.

Id. at 971. The Eighth Circuit found no error in this determination and affirmed restitution in the amount of $1,234,270. Id.

*2. On direct appeal, Erhart challenged the lack of a district court finding regarding his ability to pay restitution (Ground Four).*

Erhart challenged the lack of a finding regarding Erhart's ability to pay, as well as the application of the Mandatory Victims Restitution Act ("MVRA"). The Eighth Circuit decided that the district court did not need to make a finding regarding Erhart's ability to pay because "five years of fraudulent activity was fair warning to strip Erhart of any shelter from the Ex Post Facto Clause," causing the MVRA to apply. Erhart, 415 F.3d at 973. Under the MVRA, a sentencing court must order a defendant to make restitution to the victims of the offense in the full amount of the victim's loss without consideration of the defendant's ability to pay. 18 U.S.C. § 3664(f)(1)(A). Thus, Erhart's ability to pay does not impact the amount of restitution the court orders and the lack of a finding regarding Erhart's ability to pay is fitting and proper. Since Erhart's fourth claim is premised entirely on an

issue that was decided on direct appeal, Erhart cannot collaterally attack this decision of the Eighth Circuit.

**B. Petitioner's claim in Ground Two of forfeiture error is procedurally barred because he failed to raise it on direct appeal, and has not established cause for this failure, and he cannot show prejudice.**

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a petitioner's ability to raise that issue for the first time in a § 2255 motion. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000); Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). This rule applies whether the conviction was obtained through trial or through the entry of a guilty plea. E.g., United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). A petitioner may surmount this procedural default only if he or she "'can show both (1) cause that excuses the default, and (2) actual prejudice from the errors asserted.'" Matthews, 114 F.3d at 113 (citation omitted); see also Apfel, 97 F.3d at 1076. However, "[a]bsent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice." Apfel, 97 F.3d at 1076.

Erhart did not raise the issue of forfeiture error on direct appeal. Indeed, there was no final order of forfeiture because the assets subject to forfeiture were not forfeited. Instead, the Court ordered the net of $335,143.79 minus the government's

incurred expenses in obtaining these assets to be applied to the restitution amount ordered. See Order for Disposition of Forfeitable Property, dated January 31, 2003, a copy of which is attached to this response. Erhart cannot show good cause for the default or actual prejudice from the error asserted. Erhart cannot show good cause for failing to raise forfeiture error because forfeiture never occurred. The forfeiture action was abandoned. The Court never ordered forfeiture of Erhart's property. Since the assets subject to forfeiture were applied to the restitution amount, there is no actual prejudice based on the forfeiture error Erhart asserts because the Court did not order the petitioner's assets forfeited.

**II. PETITIONER ERHART'S COUNSEL WAS NOT INEFFECTIVE.**

The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), establishes as the "benchmark" for deciding ineffective assistance of counsel claims whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland established a two prong test. First, a defendant must show that "counsel's representation fell below an objective standard of reasonableness", taking into account a "strong presumption" of counsel's "reasonable professional assistance." Id. at 690. Second, the defendant must show that counsel's unprofessional errors resulted in actual prejudice. "This requires

showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Id. at 687.

### A. Petitioner's frustration with the lack of success of counsel on appeal, as well as failing to raise a non-existent claim does not constitute ineffective assistance of counsel.

Erhart's assertions that counsel did not properly challenge the restitution order on two grounds is simply false and has no support in reality. As stated in the Statement of Fact section above, Erhart's attack regarding the amount of restitution was challenged at trial and on direct appeal by counsel for the exact same reasons that underlie two of the petitioner's grounds for ineffective assistance of counsel - 1) the fraud rate, and 2) the lack of a finding regarding defendant's ability to pay. Defense counsel was unsuccessful not ineffective in these respects.

#### *1. Defense counsel was unsuccessful not ineffective in challenging the fraud rate.*

The ineffective assistance of counsel at sentencing claim is premised on counsel's failure to properly challenge the loss fraud rate applied for calculating the restitution amount. In fact, counsel did challenge the loss determination, specifically the fraud rate applied at sentencing. United States v. Erhart, 415 F.3d 965, 968 (2005). Counsel presented evidence that the fraud rate should be set at forty percent (40%), and raised challenge to Erhart's previous admission that the fraud rate was ninety-five percent (95%) by suggesting this statement was due to FBI

pressures. Id. Defense counsel then raised this same issue on appeal. Id. at 970. The Eighth Circuit rejected defense counsel's argument and affirmed the findings of the district court regarding the loss determination. Id. at 970-71. Thus, counsel was not ineffective by the standards of Strickland, but rather, counsel was unable to persuade this court's determination as to the amount of loss according to Erhart's calculations. Erhart's counsel appealed the district court's determination of the amount of loss to the Eighth Circuit Court of Appeals, which found no error by the court.

*2. Defense counsel's lack of success in persuading the Eighth Circuit that the MVRA should not apply and that Erhart's ability to pay should be a factor in calculating the restitution amount does not constitute ineffective assistance of counsel.*

Erhart claims defense counsel failed to challenge the restitution order based on Erhart's inability to pay restitution. Defense counsel challenged the lack of a finding on Erhart's ability to pay restitution, arguing that the Ex Post Facto Clause barred application of the MVRA, which in turn would require a finding regarding Erhart's ability to pay. Erhart, 415 F.3d at 973. The Eighth Circuit rejected this argument, held that the MVRA applied, and therefore, that no finding regarding Erhart's ability to pay is required. Id. at 973-74. Thus, Erhart's counsel was unsuccessful not ineffective in challenging the lack of a finding regarding Erhart's ability to pay restitution.

3. *Defense counsel was not ineffective for failing to raise Ground Two, a forfeiture error claim, when the government abandoned the forfeiture action and the district court ordered forfeitable assets applied to restitution.*

The claim of ineffective assistance of counsel regarding forfeiture error when forfeiture was never ordered by the Court lacks any merit. Erhart is essentially correct in asserting that criminal forfeiture is part of a defendant's sentence. See e.g., Libretti v. United States, 516 U.S. 29, 40-41 (1995); Rules of Crim. Pro. 32.32(b)(3). However, the Court did not order Erhart's assets forfeited. The government agreed to apply the assets subject to forfeiture to the restitution order. Erhart was given a credit for the amount of assets applied to restitution. See Order For Disposition of Forfeitable Property, dated January 31, 2003. Petitioner cannot show ineffective assistance of counsel by claiming counsel failed to raise a claim that lacks any merit, because this clearly does not fall below the conduct of a reasonable attorney and there is no prejudice in failing to raise a claim that lacks any merit.

**B. Petitioner cannot show that defense counsel was ineffective at advising petitioner regarding the plea agreement (Ground One).**

"Strickland's two-part test applies to ineffective assistance claims arising out of the plea process." Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). "When the defendant's claim is

that counsel misadvised him of the relative advantages of pleading guilty rather than proceeding to trial, in order to show prejudice, the defendant 'must show that, but for his counsel's advice, he would have accepted the plea.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen, 68 F.3d at 241). Through objective evidence, the petitioner must demonstrate there is a reasonable probability that he would have accepted the plea bargain but for counsel's erroneous advice. Engelen, 68 F.3d at 241; Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991). A petitioner's self-serving, post-conviction statement regarding his intent with respect to a plea offer is insufficient, by itself, to establish a "reasonable probability" that he would have accepted the plea agreement. Engelen, 68 F.3d at 241; see also Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) ("Given appellants awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer.").

In Engelen, 68 F.3d at 240-41, the Eighth Circuit Court of Appeals found that the defendant failed to prove prejudice resulting from ineffective assistance of counsel when "the record [was] completely barren of any evidence" that the petitioner would have taken the plea agreement even though the petitioner provided the court with affidavits from his wife and his parents bolstering

his claims. Moreover, the *Engelen* petitioner specifically asserted what omissions had allegedly prevented him from accepting the proposed plea bargain. The district court denied relief, and the Eighth Circuit Court of Appeals affirmed.

To show that Erhart would have accepted the plea absent counsel's faulty advice, there must be evidence that shows he would have accepted the plea when he could have done so. Erhart presents an affidavit, Exhibit B, which asserts that counsel advised him not to accept the plea agreement, but does not provide any reasons the advice was faulty or that he would have accepted the plea absent counsel's faulty advice. This self-serving after the fact assertion is insufficient to support Erhart's claim of ineffective assistance of counsel. Erhart presents the letter from his counsel to the government expressing rejection of the plea agreement in Exhibit C; however, this letter shows nothing more than what this court was already aware of - that Erhart decided not to take the government's offer. Erhart also submits letters attached as Exhibit E (dated November 21, 2002 through November 10, 2005). Three of the letters are dated prior to March 4, 2002, the day Erhart decided to plead guilty to most of the charges; and March 6, 2002, the day Erhart went to trial on the remaining two counts. None of the evidence Erhart brings forth or the evidence already presented to this court pertinent to this matter shows a reasonable probability that Erhart would have taken the plea agreement absent

counsel's erroneous advice. There is no evidence that counsel's advice was faulty. Even if the advice was faulty, there is no evidence showing Erhart would have taken the plea absent counsel's advice.

**III. AN EVIDENTIARY HEARING IS UNNECESSARY.**

"An evidentiary hearing on a § 2255 petition may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" Saunders v. United States, 236 F.3d 950, 952 (8th Cir. 2001) (quoting 28 U.S.C. § 2255). The government submits that an evidentiary hearing is unnecessary in this matter as the record conclusively demonstrates that petitioner is not entitled to the relief he seeks.

**CONCLUSION**

For all the above reasons, Erhart's § 2255 motion should be denied and dismissed.

Respectfully submitted,

Dated: January 5, 2007.

RACHEL K. PAULOSE
United States Attorney

s/John R. Marti
BY: JOHN R. MARTI
First Assistant U.S. Attorney