**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Respondent-Plaintiff,

v.

Stephen Erhart,

Petitioner-Defendant.

Criminal No. 01-300(1) (DWF/AJB)
Civil No. 06-4461 (DWF)

**ORDER**

---

John R. Marti and Mary L. Trippler, Assistant United States Attorneys, United States Attorney's Office, counsel for Respondent-Plaintiff.

Stephen Erhart, *Pro Se*, Petitioner-Defendant.

---

## INTRODUCTION

In 2002, Petitioner was convicted of multiple federal criminal offenses, including conspiracy, false statements, health care fraud, money laundering, possession with intent to distribute cocaine, and unlawful possession of a firearm. He was sentenced to 108 months in federal prison, and he is presently serving his sentence at the Federal Prison Camp in Duluth, Minnesota.

After Petitioner's conviction and sentence were affirmed on direct appeal, (*United States v. Erhart*, 415 F.3d 965 (8th Cir. 2005), *cert. denied*, 126 S. Ct. 1181 (2006)), he filed a motion seeking relief under 28 U.S.C. § 2255. (Doc. No. 198.) Petitioner's § 2255 motion was denied by this Court's order of March 2, 2007. (Doc. No. 205.)

On April 26, 2007, Petitioner filed a Notice of Appeal, (Doc. No. 206), which was accompanied by a request for a Certificate of Appealability, ("COA"), (Doc. No. 207). Petitioner has also filed an application for leave to proceed *in forma pauperis*, ("IFP"), on appeal. (Doc. Nos. 208 and 209.) For the reasons discussed below, the Court finds that Petitioner is entitled to proceed IFP, but he is not entitled to a COA.

**DISCUSSION**

**A. IFP Application**

The Court previously granted Petitioner leave to proceed IFP on his direct appeal. (Order dated February 6, 2003; (Doc. No. 165).) It therefore appears that Petitioner is automatically entitled to IFP status on his present appeal, pursuant to Fed. R. App. P. 24(a)(3), unless the District Court affirmatively certifies otherwise. Although the Court finds that Petitioner has no meritorious grounds for appeal, the Court also finds no reason to revoke his IFP status. While it appears that Petitioner may not need any further authorization to proceed IFP, (because of Fed. R. App. P. 24(a)(3)), the Court will remove any doubt about the matter by granting his pending IFP application.

**B. Certificate of Appealability**

A federal prisoner is not permitted to appeal a final order in a § 2255 proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. *Kramer v. Kemna*, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir.), *cert. denied*, 513 U.S. 946 (1994), citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (*per curiam*); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (*per curiam*). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983).

In this case, Petitioner is seeking appellate review of his ineffective assistance of counsel claims, as well as the other claims that he raised in his § 2255 motion. However, after considering Petitioner's post-conviction claims once again, the Court remains fully satisfied, for the reasons explained in the Order of March 2, 2007, that Petitioner's

conviction and sentence cannot be set aside. The Court finds no reason to believe that Petitioner's § 2255 claims could be decided any differently in any other court–including the Eighth Circuit Court of Appeals. The Court also finds nothing novel or noteworthy about any of Petitioner's claims that would cause any of them to warrant appellate review. Because Petitioner has not made a substantial showing of the denial of a constitutional right, he will not be granted a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's application for leave to proceed *in forma pauperis* on appeal, (Doc. Nos. 208 and 209), is **GRANTED**; and

2. Petitioner's request for a Certificate of Appealability in this matter, (Doc. No. 207), is **DENIED**.

Dated: April 30, 2007

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court